IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREG GIVENS,
    Plaintiff

v.                                                                       Civil Action No 5:10 CV 27

MAIN STREET FINANCIAL SERVICES CORP,
(HOLDING CO. FOR) MAIN STREET BANK,
REBECCA RANDOLPH, RICHARD LUCAS,
WILLIAM CRISWELL, KEVIN GESSLER,
KEITH C. GAMBLE, PULLIN, FOWLER,
FLANAGAN, BROWN & POE PLLC, AND
CITY OF WHEELING,
INDIVIDUALLY AND COLLECTIVELY,
    Defendants.

## MEMORANDUM OPINION AND ORDER

### PROCEDURAL HISTORY

Plaintiff, Greg Givens [Givens], initiated this civil action by filing his complaint in the Circuit Court of Ohio County, West Virginia on February 8, 2010. Notice of Removal was filed by Defendants Randolph, Lucas and Main Street Financial Services [Main Street] on March 1, 2010 [DE 3].

By First Order And Notice Regarding Discovery And Scheduling [DE 5] entered March 2, 2010, the Court ordered the parties to meet in person or by telephone pursuant to FRCivP 16 and 26(f) and Local Rule of Civil Procedure 16.01 (b) to discuss all matters required under said rules and to file an advisory report of the meeting and a discovery plan for the case.

The report of the Rule 26(f) planning meeting was filed on April 12, 2010 [DE 25].

On April 12, 2010 Givens filed his Objection To Defendant Legal Advice And To Limit Plaintiff Modification Of Rule §26 Memorandum and included in the filing a request that the Court order sanctions against Defendants. [DE 26]. On April 26, 2010 Main Street filed a Response to

Plaintiff's Objection To Defendant Legal Advice And To Limit Plaintiff Modification Of Rule 26 Memorandum [DE 28]. Main Street filed a separate Motion For Sanctions and Memorandum in Support thereof on April 30, 2010 [DE 31 and 32]. Givens filed his Memorandum in Opposition To Main Street's Motion for Sanctions on May 10, 2010 [DE 37]. Main Street filed a Reply To Plaintiff's Memorandum In Opposition To Defendants [sic] Motion For Sanctions and a memorandum in support of the reply on May 24, 2010 [DE 40 and 41].

Givens filed his own Motion and Memorandum In Support Of ... Sanctions against Main Street on May 10, 2010 [DE 36]. Main Street filed a Response and Memorandum in support of the Response to the motion on May 24, 2010 [DE 38 and 39].

By Order of the District Judge entered July 1, 2010 [de 44] the undersigned was "designated and authorized to consider the record and do all things proper to decide the defendants' ... motion for sanctions and any other non-dispositive pre-trial motions filed in this case, excluding motions in limine."

The issues presented by the cross-motions for sanctions are not complex but did require an evidentiary hearing relative to factual issues raised by the motions, which hearing was held on July 23, 2010 at 11:00 am in accord with this Court's Order dated July 13, 2010.

CONTENTIONS

Main Street Bank defendants contend entitlement to Rule 11 sanctions against Givens because Givens' "Objection to Defendant Legal Advice and to Limit Plaintiff Modification of Rule 26 Memorandum" is frivolous and without any basis in law or fact and the Main Street Bank defendants had to respond and expend time and effort responding to the same.

Givens contends entitlement to Rule 11 sanctions against Main Street because:

1) Main Street's Motion For Sanctions amounted to attorney conduct that was outside of the

parameters of Rule 11, to wit: it was filed for harassment, to cause unnecessary delay, to needlessly increase the cost of litigation; it made frivolous arguments; it lacked evidentiary support; and

2) Main Street through its actions during the Rule 26(f) conference attempted to curb or "gag" Givens' discovery processes

3) Main Street by seeking sanctions when Givens objected was improper.

## FINDINGS OF FACT

### A. Uncontroverted Findings of Fact

Plaintiff, untrained in the practice of law, is representing himself in this action. Defendants are represented by licensed, practicing lawyers. Plaintiff is the nephew of Dennis Givens who is the named plaintiff in 5:10cv26, a civil action now pending before this court. Plaintiff resides with Dennis Givens, and Carol Pizzuto, Greg Givens' mother, in the same house in Ohio. Greg Givens has been involved in litigation before this Court in another case against some defendants who are common to this action and who were represented by the same attorneys who are representing them in this action. After this action was filed and removed from state court, the district judge ordered the parties to meet and prepare a report of the meeting in accord with FRCivP26(f). The meeting was held telephonically on April 5, 2010. Plaintiff sought certain discovery that exceeded the amount authorized under the local rules of civil discovery without court approval. Defendants, by counsel, verbally objected and resisted Plaintiff's requested discovery. Notwithstanding their objection and resistence, counsel for Defendants included the amounts and type of discovery requested by Plaintiff and their objection to it in the Rule 26(f) planning report they prepared and filed April 12, 2010. July 1, 2010 the district judge entered a scheduling order adopting the discovery limitations recommended by counsel for Defendants and consistent with the local rules

of civil procedure. [DE 38].

## B. Findings and Conclusions of Controverted Facts

Upon consideration of the testimonial and other evidence presented at the hearing of July 23 2010 and the Rule 26(f) report filed with the Court, the undersigned concludes as a matter of fact:

1) Defendants' counsels did not give any legal advice to Plaintiff during or incident to the Rule 26(f) planning conference.

2) Defendants' counsels included all of Plaintiff's requested discovery in the Rule 26(f) report for consideration by the Court.

3) Defendants' counsels included in the Rule 26(f) report that Plaintiff claimed the right to assert matters of privilege even though Plaintiff would not be legally entitled to claim certain matters of privilege since he is representing himself (appears pro se) in this action.

4) Plaintiff's claim that Defendants' counsels denied him the opportunity to assert matters of privilege in the 26(f) planning report is patently false.

5) Plaintiff filed his objections to the Rule 26(f) report on the same date as the report was filed.

6) Plaintiff is unable to articulate what advice he was given by Defendants' counsels.

7) Plaintiff is unable to articulate how he was "gagged" with respect to any issues by the actions of Defendants' counsels.

8) Defendants' counsels did not "gag" Plaintiff with respect to any issue or issues.

9) Defendants' counsels filing of the Rule 26(f) report on April 12th was timely and was not "a last minute filing."

10) During telephonic conferences between Plaintiff and Defendants' counsels incident to the Courts' order requiring the parties to conduct a Rule 26(f) planning conference, third persons

were listening in and monitoring the conversations on Plaintiff's telephone system without the knowledge of Defendants' counsels.

11) Defendants' counsels recorded the telephonic conference between them and Plaintiff because of their prior experiences with Plaintiff as a witness in a prior case

12) Except for the size and style of font, the names in the style of the case, the name of the objector and the case number, the Objection [DE 22] filed by Dennis Givens in 5:10cv26 contains exactly the same language as the Objection [DE 26] filed by Greg Givens in this case on the same date.

13) The Objection [DE 26] filed by Plaintiff "requests such sanctions be placed upon Defendants for offering legal advice to Plaintiff, and such limitations or restrictions upon modifications outside the time limits allowed."

## DISCUSSION

This dispute arises out of the telephonic Rule 26 (f) conference conducted by Givens and counsel for Main Street in accord with the Court's First Order And Notice Regarding Discovery And Scheduling [DE 5].

According to the Report of Defendants' Rule 26(f) Conference filed April 12, 2010 [DE 25] Givens and counsel for the Main Street Bank Defendants conferred on April 5, 2010. Plaintiff requested 50 Interrogatories, 50 Requests For Admission, 50 Request For Production of Documents to each party defendant and a maximum of 20 depositions by each party. The Main Street Bank Defendants did not agree with the number of interrogatories, requests for admission, requests for production and depositions being sought by Givens. Attorneys for Main Street prepared the Rule 26(f) report for filing with the Court and submitted the same to Givens along with a transmittal cover letter. In the 26(f) report Main Street accurately reported what Givens was seeking by way of

discovery and objected to the same. Main Street, through the report, proposed to the District Judge its own version of what reasonable discovery might be.

On the same date as the report, Plaintiff objected to the language of the transmittal cover letter. Givens complained that the attempt by the Main Street Defendants to limit discovery should have been filed as motions in limine and that it was inappropriate "at this stage" to limit discovery as it "would unfairly limit the presentation of viable agreement this court by Plaintiff and prevent the Plaintiff opportunity t o present or reserve such rights entitled to him ans such evidence, the factual contentions that have evidentiary support or, if specifically so identified, will likely have evidentiary support after and reasonable opportunity for further input, investigation or discovery; and Defendant filing)s) by last minute filings and perversions that would limit thereby, and in effect, 'gagging' such issue(s) by unfair treatment of such Rule 26 Disclosures." Givens claimed sanctions against Defendants "for offering legal advice to Plaintiff...." [DE 26 p. 1-2].

By Scheduling Order dated July 1, 2010 [DE 45], the Court limited discovery by interrogatories, requests for admissions, and depositions in accord with the provisions of LR Civ P 26.01(c) notwithstanding the parties' advisory 26(f) conference report and requests made therein.

F R Civ P 26(f) provides in pertinent part:

(1) "... the parties must confer as soon as practicable ... before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."

(2) "In conferring, the parties must consider the nature and basis of their claims and defenses ... and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for ... attempting in good faith to agree on the proposed discovery plan ...."

(3) "A discovery plan must state the parties views and proposals on:

(E) "what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed ....."

Under F R Civ P 30(a)(2)(A)(i) the party seeking to take more than 10 depositions and under F R Civ P 33(a)(1) the party seeking more than 25 interrogatories, including all discreet subparts; must have permission of the Court. L R Civ P 26.01(c) provides: "Unless otherwise ordered or stipulated, discovery under Fed. R. Civ. P. 26(a)(5) shall be limited as follows:

(1)     ten depositions .... by each plaintiff;

(2)     ten depositions .... by each defendant;

(4)     forty written interrogatories, including discreet subparts, per party; and

(5)     forty requests for admission per party.

The mere fact that counsel, who were familiar with both the local and federal rules relating to discovery, would object during the Rule 26(f) conference that the number of interrogatories, depositions or requests for admissions sought by the pro se plaintiff was unnecessary is not an attempt to muzzle or gag the pro se plaintiff. Nor is it a method to frustrate the pro se plaintiffs search for the truth through discovery. It is simply the give and take envisioned by the rule and the Court's order entered pursuant to the rule mandating that the parties meet and confer concerning discovery.

Moreover, in the instant case, counsel for Main Street Bank properly prepared the written report of the parties' R 26(f) conference and in that report provided a clear statement of what Givens wanted in the way of discovery. So the district judge was made aware prior to entry of the Scheduling Order that: Givens sought 50 interrogatories instead of the 40 defendants proposed; Givens sought 50 requests for admission instead of the 40 defendants proposed; Givens sought 50 requests for production of documents instead of the 40 defendants proposed; and, Givens sought 20

depositions instead of the 10 defendants' proposed.

The Federal and Local Rules of civil procedure are publicly available documents.

There is nothing in the 26(f) report or the letter transmitting it to Givens that gives unsolicited legal advice or that limits Givens' rights with respect to discovery. The Court limited those rights by its Scheduling Order. To the extent Givens claims that attempts were made to place a limitation on his modification of the Rule 26(f) report, the record of the April 8, 2010 correspondence accompanying Givens' copy of the report contradicts such a claim. It provided: "If you do not agree with the dates or want any changes made, please let me know as soon as possible. You do not have the authority to make changes to this document without approval of all counsel. We will be glad to discuss any changes you may have, if any." [DE 26, Ex A]. The evidence at the hearing was that Givens did not have any contact with the Main Street Defendants' counsel after his receipt of the Rule 26(f) report and before filing his objections to the same.

Givens claims that Defendants' counsel denied him the opportunity to assert matters of privilege in the 26(f) planning report is patently false. Defendants' counsels included in the Rule 26(f) report that Plaintiff claimed the right to assert matters of privilege even though Plaintiff would not be legally entitled to claim certain matters of privilege since he is representing himself (appears pro se) in this action.

In a prior decision in another case before this Court involving Givens it was noted that "'however inartfully pleaded,' [a pro se complaint] must be held to 'less stringent standards than formal pleadings drafted by lawyers' . . . ." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Nonetheless, "[n]either the liberal pleading rules nor generous *pro se* practices of the courts has eliminated 'the time honored notion that the law and the courts of the United States are important parts of American Society worthy of respect,'" Fenner v. Bell, No. 1:08cv00367, 2009 WL 6372547

n.1 (M.D.N.C. Nov. 13, 2009)(Quoting Theriault v. Silber, 579 F.2d 302, 303 (5th Cir.1978)). "[*P*]*ro se* status is not a free pass to engage in abusive conduct" *Id.* Nor is it a license to recklessly "disregard the law, particularly where in the process he causes others to incur substantial expenses." In re Burse, 120 B.R. 833, 837 (Bankr.E.D. Va. 1990). (citing to Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986)). In the prior case, the undersigned found: "There is nothing in the record as it currently stands which would lead the Court to conclude that the Givens is any more or less legally sophisticated than any other non-lawyer, and thus he will be given the appropriate deference by the Court, but not a "free pass."' Nothing appears in the record of the instant case to change the Court's opinion of Givens' prowess or sophistication in litigation.

It is impossible to understand what Givens was actually objecting to when he wrote: "Pro se, hereby gives Notice/Objection to Defendant counsel legal advice and to not 'make any changes to this document' referring to Rule 26(f) Joint memorandum, as referred to in letter dated April 8, 2010 by counsel for Defendant." [DE 26]. Givens was unable to articulate what advice he was given by Defendants' counsels and was unable to articulate how he was "gagged" with respect to any issues by the actions of Defendants' counsels. It is clear from the evidence that Defendants' counsel did not give any legal advice to Plaintiff during or incident to the Rule 26(f) planning conference and that they did not "gag" Plaintiff with respect to any issue or issues. It is clear from the evidence and record that there is no legal or factual basis to support the filing made by Givens. Why any reasonable person would have felt it necessary to make such an objection given the even handed approach taken by the Main Street Bank defendants in the Rule 26(f) report to the court is incomprehensible.

It also cannot be said that the relationship of Givens to counsel for Main Street Bank is not poisoned by the sanctioned conduct of Givens in 5:08CV25, a case involving many of the same

parties that are involved in this case. That relationship is further poisoned by the fact that Givens has filed numerous ethics complaints with the West Virginia State Bar Disciplinary Counsel against Defendants' counsel. Therefore, it is not unreasonable for the Main Street Bank defendants' counsel to promptly react to Givens' filing by filing the subject objection which included a motion for sanctions.

Moreover, the evidence clearly established that during telephonic conferences between Plaintiff and Defendants' counsels incident to the Courts' order requiring the parties to conduct a Rule 26(f) planning conference, third persons were listening in and monitoring the conversations on Plaintiff's telephone system without the knowledge of Defendants' counsels. Defendants' counsels have been recording the telephonic conferences between them and Plaintiff because of their prior experiences with Plaintiff as a witness and party in a prior case.

Finally, it is clear that Greg Givens, the plaintiff in this action, and Dennis Givens, the plaintiff in 5:10cv26, are nephew and uncle and live in the same residence in Ohio. Each of them are non-lawyers. Each of them are appearing in their respective actions pro se. Greg Givens has been engaged in litigation involving many of the same defendants in this case since 2008 and has been the subject of prior hearings before and sanction orders from this Court. Even though each denies that he helped the other in the preparation of the motions and memorandums filed with the Court, the following evidence preponderates and is indisputable proof that such denials to the Court are false:

1) The objections and request for sanctions were filed on the same day as the Rule 26(f) report.
2) There is testimonial evidence of record that Givens went to the Court to read the filed 26(f) report with the already prepared objection to the same in hand.
3) This conclusion is also supported by the fact that he would not have claimed Defendants'

counsel denied him the opportunity to assert matters of privilege had he actually read the report prior to preparing the objection to it because the report clearly contained language to the effect that Plaintiff wanted to claim the right to assert matters of privilege.

4) It is also supported by the fact that, except for the size and style of font, the names in the style of the case, the name of the objector and the case number, the Objection [DE 22] filed by Dennis Givens contains exactly the same language as the Objection [DE 26] filed by Greg Givens in 5: 10 cv 27 on the same date.

Both parties seek relief against the other under F R Civ P 11(b) and (c). F.R.Civ.P. 11(b)(1) provides: "By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; ..."

> F.R.Civ. P. 11( c ) provides in pertinent part:
>
> (1) If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b)has been violated, the court may impose an appropriate sanction on any ...party that violated the rule or is responsible for the violation ....
> (2) A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). ... If warranted, the court may award to the prevailing party the reasonable expenses, including attorneys fees, incurred for the motion.
> (3) On its own, the court may order ... or party to show cause why conduct specifically described in the order has not violated Rule 11(b).
> (4) A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include non-monetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.
> (5) The court must not impose a monetary sanction: (B) on its own, unless it

issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, ..., to be sanctioned.
(6) An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

Plaintiff Greg Givens pro se status is not a license to maltreat counsel for Defendants and to intentionally file documents designed solely to cause delay and increase litigation expense.

## CONCLUSIONS

Accordingly, the Court finds that: 1) Givens was given notice in accord with Rule 11(c)(2) and a reasonable opportunity to respond; 2) Givens filed his Objection To Defendant Legal Advice And To Limit Plaintiff Modification Of Rule §26 Memorandum [DE 26] without any factual or legal support for the same in violation of Rule 11(b)(2) and (3); 3) Givens' Objection To Defendant Legal Advice And To Limit Plaintiff Modification Of Rule §26 Memorandum [DE 26] is frivolous in violation of Rule 11(b)(2); 4) Givens' filing of the Objection To Defendant Legal Advice And To Limit Plaintiff Modification Of Rule §26 Memorandum [DE 26] was clearly filed for the improper purposes of harassing Defendants and their counsel and causing additional and unnecessary expenses to Defendants and their counsel in violation of Rule 11(b)(1).

The Court further concludes that Givens' conduct is sanctionable under the provisions of Rule 11(c)(1). The Court at this time and without more declines to consider application of any of the partial or ultimate sanctions provided under FRCivP37 which include dismissal or partial dismissal of claims.

## ORDER

For the reasons stated herein it is **ORDERED** that:

1) Givens' Objection To Defendant Legal Advice And To Limit Plaintiff Modification Of Rule §26 Memorandum [DE 26] be **DENIED** as having been rendered **MOOT** by the Court's

Scheduling Order dated July 1, 2010 [DE 45];

2) Givens' Notice, Motion & Memorandum In Support Of Plaintiff Motion For Sanctions filed May 10, 2010 **[DE 36] is DENIED AS FRIVOLOUS** and the Clerk is hereby directed to remove the same from the docket of motions actively pending before this Court;

3) Defendants' Rebecca Randolph, Richard Lucas And Main Street Financial Services Corp.'s **Motion For Sanctions [DE 31] be and the same is hereby GRANTED** and said Defendants are directed to file a statement of the costs and attorneys fees they incurred as a result of bringing their motion for sanctions and responding to Plaintiff's Objection To Defendant Legal Advice And To Limit Plaintiff Modification Of Rule 26 Memorandum by August 20, 2010.

4) Givens shall have until August 31, 2010 to file any objection he may have to the reasonableness of the costs and attorneys fees Defendants claim they incurred as a result of bringing their motion for sanctions and responding to Plaintiff's Objection To Defendant Legal Advice And To Limit Plaintiff Modification Of Rule 26 Memorandum.

5) In the event Givens files an objection to the reasonableness of the costs and attorneys fees claimed by Defendants, Givens and said Defendants shall be given the opportunity to be heard on said objections and on his financial ability to pay sanctioned costs at 12:00 noon on the 17th day of September 2010 at 12:00 pm (noon) at the Clarksburg point of holding court. With respect to his financial ability to pay, Givens shall bring monthly bank records for any and all checking, savings or other deposit accounts he may have had in any bank within the last 24 months; monthly earnings statements for any work or employment he may have engaged in during the last 24 months; annual tax assessment and payment records for any real estate he may own or have held an interest in within the last 24 months; all annual

corporate tax returns and monthly bank records for any corporation or foundation he may own, own an interest in or preside over; Social Security records for any and all benefits he may be receiving or that he may have received over the past 24 months; any and all monthly statements on credit cards he holds or has held in his name solely or jointly with another within the last 24 months; and any and all quarterly or annual financial statements and loan applications he may have prepared for and / or filed with any institution or foundation for the loan or grant of money within the last 24 months.

6) Finding that financial sanctions alone are not adequate to prevent ongoing abuse by Plaintiff, Greg Givens the Court further provides: that

    A. Defendants or their counsel shall not be required to respond to any motion filed by Plaintiff seeking to compel discovery and/or seeking sanctions against Defendants or their counsel until the Court, after preliminary review of the same to determine its bona fides, Orders such a response be filed.

    B. Plaintiff and Defendants' Counsels shall not converse by telephone. Instead all communications shall be typewritten and sent by United States Mail certified with a return receipt requested.

    C. Pursuant to FRCivP 26(c), which in pertinent part provides:

(1) A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending — .... The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
(A) forbidding the disclosure or discovery;
(B) specifying terms, including time and place, for the disclosure or discovery;
(C) prescribing a discovery method other than the one selected by the party seeking discovery;
(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the personas who may be present while the discovery is conducted;
(F) requiring that a deposition be sealed and opened only on court order;
(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.
(3) Rule 37(a)(5) applies to the award of expenses.,

- Any deposition upon oral examination of any party to the within litigation and Dennis Givens, and Carol Pizzuto (Greg Givens' Mother) shall not be scheduled or taken without first clearing the time and date of the same with the Court so the Court can make itself available to telephonically monitor the same; and

- No person other than counsel of record, the person being deposed, the pro se Plaintiff, and court reporter and or videographer shall be physically present when and where such deposition is conducted. (The Court reserves the right to *sua sponte* require the deposition to be taken in an available court setting).

Pursuant to the prior order scheduling the matter for hearing, the Court found the cross motions for sanctions to be non-dispositive pre-trial matters within the meaning of 28 U.S.C. §636(b)(1)(A) and that the sanctions as sought by plaintiff and defendants against each other do not involve contempt within the meaning of 28 U.S.C. §636(e).

Any party aggrieved by this Order is hereby notified that he may serve and file objections to this Order within 14 days after being served with a copy of the same in accord with FRCivP 72(a).

Dated: August 12, 2010

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE