IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREG GIVENS,

         Plaintiff,

v.                                         Civil Action No. 5:10CV27
                                                              (STAMP)
MAIN STREET FINANCIAL SERVICES CORP.
(holding company for) MAIN STREET BANK,
REBECCA RANDOLPH, RICHARD LUCAS,
WILLIAM CRISWELL, KEVIN GESSLER,
KEITH C. GAMBLE,
PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC,
and CITY OF WHEELING, WEST VIRGINIA,
individually and collectively,

         Defendants.

              **MEMORANDUM OPINION AND ORDER**
            **OVERRULING PLAINTIFF'S OBJECTIONS TO**
      **MAGISTRATE JUDGE KAULL'S AUGUST 12, 2010 ORDER**
             **AND OVERRULING PLAINTIFF'S OBJECTIONS TO**
      **MAGISTRATE JUDGE KAULL'S SEPTEMBER 3, 2010 ORDER**

                           I.  Background

     The plaintiff, Greg Givens, appearing pro se,[1] filed a

complaint against the defendants, Rebecca Randolph ("Randolph"),

Main Street Financial Services Corp. (Holding Co. for) Main Street

Bank ("Main Street Bank"), Keith C. Gamble ("Gamble"), Pullin,

Fowler, Flanagan, Brown & Poe, PLLC, Richard Lucas ("Lucas"),

William Criswell ("Criswell"), and Kevin Gessler ("Gessler") in the

Circuit Court of Ohio County, West Virginia alleging various causes

of action.  The defendants thereafter removed this civil action to

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.

On August 12, 2010, United States Magistrate Judge John S. Kaull issued an order denying the plaintiff's motion for sanctions as frivolous and granting the defendants' motion for sanctions. The defendants filed a petition and affidavit for fees and costs against the plaintiff. Magistrate Judge Kaull gave the plaintiff until August 31, 2010 to file objections to the reasonableness of the costs and attorneys' fees the defendants claim. The plaintiff filed objections. On September 3, 2010, the magistrate judge issued an order stating that he would not reconsider his August 12, 2010 Order and that the matter is now before this Court upon the plaintiff's objection. The magistrate judge stated that because the plaintiff has not objected to the reasonableness of the fees and costs claimed by the defendants, he waived his opportunity to be heard and determined the reasonableness of the fees and costs without a hearing. The magistrate judge found the fees and costs requested reasonable. On September 15, 2010, the plaintiff filed a motion for Magistrate Judge Kaull to reconsider his September 3, 2010 Order, or in the alternative, objection and appeal to this Court.

For the reasons that follow, this Court overrules the plaintiff's objections to Magistrate Judge Kaull's August 12, 2010

Order and September 3, 2010 Order. Accordingly, the plaintiff is ordered to pay defendants $1,151.00 in fees and costs.

## II. Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D.N.Y. 1982).

This Court has carefully reviewed the plaintiff's motion, and because the plaintiff is pro se, this Court has liberally construed the plaintiff's pleadings throughout this entire case. See Haines v. Kerner, 404 U.S. 519 (1971) (holding pro se complaint to less stringent standards than formal pleadings drafted by lawyers).

## III. Discussion

This Court has reviewed the plaintiff's objections to both of the magistrate judge's order and finds them to be without merit. The plaintiff first argues that he is poor and that he is protected

by law against such sanction. This Court disagrees. A district court "can assess costs and monetary sanctions against [in forma pauperis] litigants." Moon v. Newsome, 863 F.3d 835, 837 (11th Cir. 1989); see also Marks v. Calendine, 80 F.R.D. 24, 31 (N.D. W. Va. 1978). When an in forma pauperis litigant is in court, "he is subject to the relevant law and rules of court." Moon, 863 F.3d at 837.

The plaintiff, in his objections to the magistrate judge's August 12, 2010 Order, cites Hardt v. Reliance Standard Life Insurance Company, 130 S. Ct. 2149, 2152 (2010), for the proposition that a party may be awarded attorneys' fees if "some degree of success on the merits" is achieved. Hardt does not apply because that case deals with awarding fees under the ERISA statute. Here, the plaintiff was sanctioned under Federal Rule of Civil Procedure 11(c)(1).

This Court concludes that the magistrate judge's orders must be affirmed as they are not clearly erroneous. This Court has thoroughly reviewed both Magistrate Judge Kaull's August 12, 2010 order Magistrate Judge Kaull's September 3, 2010 Order and finds that the plaintiff, in his objections, did not show that the magistrate judge's findings were contrary to law or that the magistrate judge abused his discretion. The plaintiff contends in his objections to the August 12, 2010 Order that the magistrate court interrogates him and that the defendants offer no argument in

support of their motions.  This Court disagrees.  The magistrate judge's August 12, 2010 Order provides with great detail the rationale for the imposition of sanctions.  As stated above, this Court finds no clear error or abuse of discretion.  Accordingly, the plaintiff is ordered to pay the defendants $1,151.00 in fees and costs.

## IV. Conclusion

For the reasons stated above, the plaintiff's objections to Magistrate Judge Kaull's August 12, 2010 Order (Docket No. 80) and Magistrate Judge Kaull's September 3, 2010 Order (Docket No. 84) are OVERRULED.  Accordingly, the plaintiff is ORDERED to pay the defendants $1,151.00 in fees and costs.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:     September 15, 2010

>                          /s/ Frederick P. Stamp, Jr.
>                          FREDERICK P. STAMP, JR.
>                          UNITED STATES DISTRICT JUDGE