# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREG GIVENS,
    Plaintiff

v.                                                            Civil Action No 5:10 CV 27

REBECCA RANDOLPH,
MAIN STREET FINANCIAL SERVICES CORP,
(HOLDING CO. FOR) MAIN STREET BANK,
KEITH C. GAMBLE, PULLIN, FOWLER,
FLANAGAN, BROWN & POE PLLC, AND
CITY OF WHEELING,
INDIVIDUALLY AND COLLECTIVELY,
    Defendants.

## ORDER/OPINION

On August 27, 2010, Defendants Rebecca Randolph, Richard Lucas, and Main Street Financial Services Corp. [hereinafter "Defendants"] filed a "Motion to Stay Discovery" [Docket Entry 76]. On September 10, 2010, Plaintiff, Greg P. Givens filed his "Memorandum in Opposition to Defendants [sic] Motion to Stay Discovery" [Docket Entry 83].

As procedural background, this matter was removed to this Court on March 1, 2010 [Docket Entry 3]. On March 8, 2010, Defendants filed a Motion to Dismiss [Docket Entry 12], and on March 18, 2010, Plaintiff filed his Memorandum in Opposition to the Motion to Dismiss [Docket Entry 16]. The parties held their Rule 26(f) planning meeting on April 5, 2010, and "Report of Defendants' Rule 26(f) Conference" was filed on April 12, 2010 [Docket Entry 25]. In the Report the Defendants stated their belief that the Plaintiff's claims could be resolved via dispositive motions prior to discovery, but in the alternative both parties agreed that all discovery would be completed by October 4, 2010. A review of the docket indicates a Certificate of Service on Plaintiff for Defendants' Rule 26(a)(1) Disclosures was filed on May 3, 2010, as required by the Court's First

Order [Docket Entry 5].[1]  The Court entered the Scheduling Order in this matter on July 1, 2010, setting the completion of discovery for October 4, 2010 [Docket Entry 45].  Trial is currently scheduled for February 1, 2001.

Although the Court does not dispute Defendants' claim that the motion to stay was made in good faith, the Court at this time believes that discovery should not be stayed.  Discovery must be completed in accord with the Scheduling Order.  To stay discovery would only serve to frustrate the discovery closure date.  Defendants' Motion to Stay Discovery [Docket Entry 76] is therefore **DENIED**.

The Clerk is directed to send copies of this order to counsel of record and to serve Greg Givens with a copy of this order by causing a copy of the same to be deposited in the United States Mail, postage prepaid (not certified), addressed to him at the last address shown for him in the docket of this case.

Dated: September   16, 2010

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court could not locate in the Docket a Certificate of Service for Plaintiff's Rule 26(a)(1) disclosures.