IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREG GIVENS,

    Plaintiff,

v.                                          Civil Action No. 5:10CV27
                                                         (STAMP)
MAIN STREET FINANCIAL SERVICES CORP.
(holding company for) MAIN STREET BANK,
REBECCA RANDOLPH, RICHARD LUCAS,
WILLIAM CRISWELL, KEVIN GESSLER,
KEITH C. GAMBLE,
PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC,
and CITY OF WHEELING, WEST VIRGINIA,
individually and collectively,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
THE PLAINTIFF'S MOTION FOR REMAND AND FOR SANCTIONS
DENYING WITHOUT PREJUDICE DEFENDANTS KEITH C. GAMBLE AND
PULLIN, FOWLER, FLANAGAN, BROWN & POE'S MOTION TO DISMISS;
DENYING WITHOUT PREJUDICE DEFENDANTS REBECCA RANDOLPH,
RICHARD LUCAS, AND MAIN STREET BANK'S MOTION TO DISMISS;
DENYING WITHOUT PREJUDICE DEFENDANTS CITY OF WHEELING,
WEST VIRGINIA, WILLIAM CRISWELL,
AND KEVIN GESSLER'S MOTION TO DISMISS;
DENYING WITHOUT PREJUDICE THE DEFENDANTS' JOINT
MOTION TO STRIKE PLAINTIFF GREG GIVENS'
"RESPONSE TO DEFENDANT JOINT REPLY TO PLAINTIFF
OPPOSITION TO DEFENDANTS MOTION TO DISMISS";
DENYING AS MOOT THE PLAINTIFF'S MOTION FOR RECONSIDERATION
AND RESERVATION OF RIGHT TO DE NOVO REVIEW OR IN THE
ALTERNATIVE, OBJECTION TO ORDER, AND APPEAL TO
SENIOR DISTRICT JUDGE STAMP;
DENYING AS MOOT THE PLAINTIFF'S MOTION TO [SIC] RECONSIDERATION
TO ESTABLISH A PRO BONO PANEL TO APPOINT ATTORNEY TO REPRESENT
UNREPRESENTED PARTY IN FEDERAL CIVIL RIGHTS CASES;
DENYING AS MOOT THE PLAINTIFF'S MOTION
FOR RECUSAL OF MAGISTRATE JUDGE;
VACATING MAGISTRATE JUDGE KAULL'S AUGUST 12, 2010 ORDER;
VACATING MAGISTRATE JUDGE KAULL'S SEPTEMBER 3, 2010 ORDER;
AND VACATING THIS COURT'S SEPTEMBER 15, 2010
MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS**

I. Background

The plaintiff, Greg Givens, appearing pro se,[1] filed a complaint against the defendants, Main Street Financial Services Corp. (Holding Co. for) Main Street Bank ("Main Street Bank"), Rebecca Randolph ("Randolph"), Richard Lucas ("Lucas"), William Criswell ("Criswell"), Kevin Gessler ("Gessler"), Keith C. Gamble ("Gamble"), Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and the City of Wheeling, West Virginia, in the Circuit Court of Ohio County, West Virginia alleging various causes of action. Defendants Main Street Bank, Randolph, and Lucas thereafter removed this civil action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Defendants Gamble and Pullin, Fowler, Flanagan, Brown & Poe, PLLC filed a motion to dismiss. Defendants Randolph, Lucas, and Main Street Bank filed a separate motion to dismiss. The plaintiff filed a single response to which the defendants filed replies. The plaintiff then filed a motion to remand. The defendants filed responses, but the plaintiff did not file a reply. Defendants Gessler, Criswell, and City of Wheeling then filed a motion to dismiss. The plaintiff responded to that motion to dismiss and also included a surreply to the other pending motions to dismiss. The defendants then filed a motion to strike the surreply.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

For the reasons that follow, the plaintiff's motion to remand and for sanctions is granted in part and denied in part; the defendants' motions to dismiss are denied without prejudice; and the defendants' joint motion to strike plaintiff Greg Givens' "Response to Defendant Joint Reply to Plaintiff Opposition to Defendants Motion to Dismiss" is denied without prejudice. Further, the plaintiff's motion for reconsideration and reservation of right to de novo review or in the alternative, objection to order, and appeal to Senior District Judge Stamp, the plaintiff's motion to [sic] reconsideration to establish a pro bono panel to appoint attorney to represent unrepresented party in federal civil rights cases, and the plaintiff's motion for recusal of magistrate judge are denied as moot. Finally, this Court vacates Magistrate Judge Kaull's August 12, 2010 order granting the defendants' motion for sanctions, Magistrate Judge Kaull's September 3, 2010 order directing the plaintiff to pay the defendants $1,151.00, and this Court's September 15, 2010 memorandum opinion and order overruling the plaintiff's objections to Magistrate Judge Kaull's August 12, 2010 and September 3, 2010 orders.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between

3

citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). In a multi-defendant case, effective removal requires that all defendants consent to removal. This "rule of unanimity . . . does not require that all of the defendants sign the notice of removal; however, it does require that each defendant officially and unambiguously consent to a removal petition filed by another defendant within thirty (30) days of receiving the complaint." Martin Oil Co. v. Philadelphia Life Ins. Co., 827 F. Supp. 1236, 1237 (N.D. W. Va. 1993).

The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

This Court has carefully reviewed the plaintiff's motion, and because the plaintiff is pro se, this Court has liberally construed the plaintiff's pleadings throughout this entire case. See Haines v. Kerner, 404 U.S. 519 (1971) (holding pro se complaint to less stringent standards than formal pleadings drafted by lawyers).

### III. Discussion

A. Motion to Remand

The plaintiff contends that the notice of removal in this case is defective because Keith Gamble, counsel for Main Street Bank,

Randolph, and Lucas, filed a notice of removal on behalf of all the other defendants. The plaintiff maintains that counsel for another party may not voice consent for a co-defendant and therefore, such signature is deficient. The defendants argue that the consent requirement was satisfied when Gamble, with the stated permission of the other defendants, voiced the other defendant's consent to removal in the notice of removal. The attorney for Criswell, Gessler and the City of Wheeling provides an affidavit that she consented to removal and Gamble was aware that she consented to removal. Gamble contends that by signing the notice of removal as attorney for his law firm, both he and his law firm consented to the notice of removal as well. In addition, the defendants filed answers with this Court prior to the end of the thirty-day period of receiving the complaint.

The rule of unanimity is well-established by case law and requires that all defendants in a multi-defendant case join in the petition for removal. See Chicago, R.I. & P.R. Co. v. Martin, 178 U.S. 245 (1900). The controlling case with respect to the application of the rule of unanimity in the Northern District of West Virginia is Martin Oil Co. v. Philadelphia Life Ins. Co., 827 F. Supp. 1236 (N.D. W. Va. 1993).[2] In Martin, the Court, faced

---

[2]While the Fourth Circuit has not spoken on this issue, the district courts in this circuit follow the rule that each defendant must independently and unambiguously file a consent. See Stonewall Jackson Mem'l Hosp. v. Am United Life Ins. Co., 963 F. Supp. 553 (N.D. W. Va. 1997) (Keeley, J.); Wolfenden v. Long, No. 5:09cv536,

5

with facts substantially similar to the ones in this case, concluded that the rule of unanimity is not satisfied when a notice of removal, signed by only one defendant, represents that counsel for another defendant consents to the removal.  Martin, 827 F. Supp. at 1237.  Martin requires "'all defendants, individually, or through their counsel, to voice their consent before the court, not through another party's attorney.'"  Martin, 827 F. Supp. at 1238 (quoting Creekmore v. Food Lion, Inc., 797 F. Supp. 505, 509 (E.D. Va. 1992)).

Furthermore, the fact that the defendants filed answers in this Court after removal does not remedy the violation.  A responsive pleading, "which does not contain any affirmative statement or reference of a party's desire to consent to the notice of removal," is not sufficient to serve as consent to removal. Ammar's, Inc. v. SingleSource Roofing Corp., No. 5:10cv23, 2010 WL 1961156, *5 (S.D. W. Va. May 17, 2010).

Because defendants Gessler, Criswell, and the City of Wheeling failed to timely voice their consent to removal directly to this

---

2010 WL 2998804 (E.D.N.C. July 26, 2010); Ammar's, Inc. v. SingleSource Roofing Corp., No. 5:10cv23, 2010 WL 1961156, *5 (S.D. W. Va. May 17, 2010) (Berger, J.); Brodar v. McKinney, 378 F. Supp. 2d 634 (M.D.N.C. 2005); Dorsey v. Borg-Warner Auto., Inc., 218 F. Supp. 2d 817 (S.D. W. Va. 2002) (Haden, C.J.); Anne Arundel County, Md. v. United Pac. Ins. Co., 905 F. Supp. 277 (D. Md. 1995); Creekmore v. Food Lion, Inc., 797 F. Supp. 505 (E.D. Va. 1992).

Court, the rule of unanimity is violated.[3] Thus, this Court finds that the notice of removal is defective and that remand is appropriate. This Court must grant the plaintiff's motion for remand, but deny the plaintiff's request for sanctions.

B.  Award of Fees and Costs

On August 12, 2010, United States Magistrate Judge John S. Kaull issued an order denying the plaintiff's motion for sanctions as frivolous and granting the defendants' motion for sanctions. The defendants filed a petition and affidavit for fees and costs against the plaintiff. Magistrate Judge Kaull gave the plaintiff until August 31, 2010 to file objections to the reasonableness of the costs and attorneys' fees the defendants claim. The plaintiff filed objections. On September 3, 2010, the magistrate judge issued an order stating that he would not reconsider his August 12, 2010 order and that the matter is now before this Court upon the plaintiff's objection. The magistrate judge stated that because the plaintiff has not objected to the reasonableness of the fees and costs claimed by the defendants, he waived his opportunity to be heard and determined the reasonableness of the fees and costs

---

[3]This Court does not doubt the veracity of the representations of defense counsel that permission was given and received for Gamble to sign the consent to removal on behalf of Gessler, Criswell, and the City of Wheeling. Nonetheless, under the controlling caselaw, it is insufficient "for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf." Martin, 827 F. Supp. at 1239.

7

without a hearing. The magistrate judge found the fees and costs requested reasonable. This Court issued a memorandum opinion and order on September 15, 2010 overruling the plaintiff's objections to those orders. Because this Court finds that it lacks jurisdiction, Magistrate Judge Kaull's orders of August 12, 2010 and September 3, 2010, and this Court's September 15, 2010 memorandum opinion and order overruling the plaintiff's objections must be vacated.

## IV. Conclusion

For the reasons stated above, the plaintiff's motion to remand and for sanctions (Docket No. 17) is GRANTED IN PART as to the motion to remand and DENIED IN PART as to the motion for sanctions.[4] Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. Further, because this Court has determined that it lacks subject matter jurisdiction, the defendants' motions to dismiss (Docket No. 10, Docket No. 12, and Docket No. 24), and the defendants' joint motion to strike plaintiff Greg Givens' "Response to Defendant Joint Reply to Plaintiff Opposition to Defendants Motion to Dismiss" (Docket No. 29) are DENIED WITHOUT PREJUDICE to the parties raising the same issues before the Circuit Court of Ohio County, West Virginia.

---

[4]This Court notes that the plaintiff, in his motion for remand and for sanctions, does not present any law or facts indicating why he believes he is entitled to sanctions. Accordingly, this Court denies the plaintiff's motion for sanctions.

Further, plaintiff's motion for reconsideration and reservation of right to de novo review or in the alternative, objection to order, and appeal to Senior District Judge Stamp (Docket No. 59), the plaintiff's motion to [sic] reconsideration to establish a pro bono panel to appoint attorney to represent unrepresented party in federal civil rights cases (Docket No. 60), and the plaintiff's motion for recusal of magistrate judge (Docket No. 111) are DENIED AS MOOT. Finally, because this Court lacks jurisdiction, Magistrate Judge Kaull's August 12, 2010 order (Docket No. 71), Magistrate Judge Kaull's September 3, 2010 order (Docket No. 81), and this Court's September 15, 2010 memorandum opinion and order (Docket No. 89) are VACATED.

It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail, to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      October 28, 2010

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE